ORAL ARGUMENT NOT YET SCHEDULED

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| Sierra Club and Galveston Baykeeper, | ) | |
| | ) | |
| Petitioners, | ) | Case. No. 14-1275 |
| | ) | |
| v. | ) | |
| | ) | |
| Federal Energy Regulatory Commission, | ) | |
| | ) | |
| Respondent. | ) | |

**MOTION OF AMERICAN PETROLEUM
INSTITUTE FOR LEAVE TO INTERVENE OUT OF TIME**

Pursuant to Rule 15(d) of the Federal Rules of Appellate Procedure,

D.C. Cir. R. 15(b) and 28 U.S.C. § 2348, and for good cause shown, the

American Petroleum Institute (API) requests leave to intervene out of time

in the above-captioned proceeding.  API is authorized to represent that this

motion is not opposed by the Federal Energy Regulatory Commission

(FERC) or the other intervenors:  Freeport LNG Development, LP; FLNG

Liquefaction; FLNG Liquefaction 2; and FLNG Liquefaction 3 (Freeport).

Petitioners have indicated that they *do* oppose this motion, despite a lack of

opposition to API's identical motion in *Sierra Club v. FERC*, D.C. Cir. No.

14-1249 (*Sabine Pass*), which this Court granted just three weeks ago.

## MOTION FOR LEAVE TO FILE OUT OF TIME

To intervene in a review of an agency order, a party must seek leave to intervene within 30 days after the petition for review is filed. Fed. R. App. P. 15(d). However, for good cause shown, the court may permit a motion to intervene to be filed after the time prescribed by Rule 15(d). This standard derives from Fed. R. App. P. 26(b), which provides that "[f]or good cause, the court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires."

API previously sought and was granted intervention in *Sabine Pass*, an earlier-filed proceeding before this Court. API's intervention was unopposed by both Sierra Club and FERC. The instant petition raises issues identical to the issues in *Sabine Pass*.

After the 30-day intervention period elapsed in this matter, undersigned counsel was contacted by counsel for FERC and the Sierra Club seeking API's position on a proposed motion to hold *Sabine Pass* in abeyance pending briefing in this case. The proposed abeyance motion would move this matter ahead of *Sabine Pass*, permitting a decision that is likely to be dispositive of issues in *Sabine Pass*.

In response, API has stated that it will not oppose the effort to leap-frog this case in front of *Sabine Pass if* API's intervention is granted here.

Good cause exists to grant API's intervention out of time. This Court has already granted API intervenor status in *Sabine Pass*. Both proceedings involve the same Petitioner, the same federal agency, and the same issues of importance to API members. Moreover, API is seeking leave to intervene before any prejudice could come to any party, as no briefing schedule has been set in this proceeding and the *Sabine Pass* abeyance motion, which triggers API's need to intervene here, is being filed contemporaneously in Case No. 14-1249.

Conversely, should API be denied intervention here, and should the *Sabine Pass* proceeding be held in abeyance, API's rights as a permitted intervenor in *Sabine Pass* will be severely prejudiced, if not abrogated.

In light of these developments, API requests that it be granted leave to file this intervention motion out of time, and that the Court grant its motion to intervene for the reasons set forth below.

## MOTION TO INTERVENE

For nearly 100 years, API has served as the preeminent national trade association for the oil and natural gas industry in the United States charged with, *inter alia*, representing the economic and legal rights of its members in legal proceedings. API is the largest trade association for the industry, with more than 600 members, including owners and operators of liquefied natural

gas (LNG) import and export facilities in the United States and around the world, as well as owners and operators of LNG vessels, and manufacturers of essential technology and equipment used all along the natural gas value chain. API publishes and regularly revises more than 600 industry standards, and many members have extensive experience developing and producing America's natural gas resources in a safe and environmentally responsible manner.

## 1. Legal Standard

Under Fed. R. App. P. 15(d), a motion to intervene should make "a concise statement of the interest of the moving party and the grounds for intervention." API seeks to intervene in this proceeding to oppose Petitioners' attempts to improperly expand the scope of FERC's review under the National Environmental Policy Act ("NEPA") to include analysis of unreliable, unverifiable information derived from analytics that assume what they seek to prove: namely, that some of API's members' long-standing natural gas production activities are connected in any measurable way to the projects proposed in FERC Docket Nos. CP12-509-000 and CP12-29-000.

This Court has noted that "in the intervention area the interest test is primarily a practical guide to disposing of lawsuits by involving as many

apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967) (internal quotation marks omitted) (reversing denial of intervention under Fed. R. Civ. P. 24(a)). This Court has already allowed API to intervene in *Sabine Pass*. *See Sierra Club v. FERC*, *Clerk's Order,* D.C. Cir. No. 14-1249 [1531116] (Jan. 9, 2015). And granting intervention here is consistent with prior orders of this Court allowing intervention of coalitions and trade associations in petitions for review challenging federal orders. *See, e.g*, *Am. Farm Bureau Fed'n v. EPA*, 559 F.3d 512 (D.C. Cir. 2009) (listing American Lung Association and Environmental Defense Fund as intervenors on the side of respondent); *Am. Trucking Ass'ns v. EPA*, 175 F.3d 1027 (D.C. Cir. 1999) (listing American Lung Association as intervenor on the side of respondent); *Yakima Valley Cablevision, Inc. v. FCC*, 794 F.2d 737 (D.C. Cir. 1986) (granting intervention of National Cable Television Association as intervenor in support of petitioner). Comparable circumstances warrant a grant of intervention to API where, as here, the other elements of the test for intervention are met.

## 2. API Has A Cognizable Legal Interest.

Petitioner Sierra Club is engaged in a nationwide, tri-partite campaign against all fossil fuels, which it has branded "Beyond Natural Gas," "Beyond

Coal" and "Beyond Oil." 1/  As these names suggest, Petitioners are not

ultimately concerned with the legal obligations of federal agencies

conducting NEPA reviews.  Rather, Petitioners seek to slow (or completely

halt) the FERC regulatory process for all natural gas infrastructure

development in the country.  2/  In their view, if pipeline infrastructure is

slowed or halted, upstream production of natural gas will also be curtailed.

That tactic comports with their candid goal:  moving "beyond" natural gas.

What it does *not* comport with is NEPA.

     API members comprise the very oil and natural gas industry the

Petitioners are attacking.  API should be permitted to intervene in this

proceeding to protect its members' interests, which are directly and

expressly under attack by Petitioners.

### 3.  Intervention is Appropriate where API's Interests Cannot be Adequately Represented and No Prejudice will Result.

     API's right to intervene as a party depends on whether its interests are

adequately represented by existing parties.  They are not.  Both FERC and

Freeport can be expected to focus their attention on Freeport's specific

---

1/    *See*, Sierra Club website *at* http://www.sierraclub.org/beyond-fossil-fuels (last visited Jan. 30, 2015).

2/    A visit to Sierra Club's "Beyond Natural Gas" webpage says it all with a banner that reads: "Tell President Obama: Keep dirty fuels in the

projects.  Freeport does not operate in the upstream production sector, and FERC does not regulate upstream production activities.  Yet Petitioners' NEPA argument focuses on upstream production.  And Petitioners have raised this argument over and over again:  they have protested nearly all LNG export project dockets pending before FERC and DOE, 3/ and pipeline projects before FERC face similar challenges.

The interest API is seeking to protect is the integrity of NEPA review not only before the Commission, but more broadly for many different types of energy projects not regulated by Respondent.  Because these interests necessarily will not always coincide with those of Respondent and Freeport, intervention is appropriate here under Fed. R. App. P. 15(d).  *See Nuesse,* 385 F.2d at 703.

API has been extensively involved in the DOE process for analyzing impacts associated with the export of domestically-sourced LNG from the U.S.  API did not intervene at the Commission for the very reasons cited in

---

ground."  *Id*. at http://content.sierraclub.org/naturalgas/ (last visited Jan. 30, 2015).

the Commission's own orders:  DOE, not the Commission, is the agency

responsible for NEPA review related to the export of the LNG commodity

(as opposed to the site or facilities to export LNG), and Freeport will be

required to receive its authorization from DOE in order to engage in export

any volumes. 4/  Because Petitioners themselves have conflated the two

agency processes, this fact should not be determinative or otherwise prevent

API's intervention here.

## CONCLUSION

API is committed to ensuring a strong, viable U.S. oil and natural gas

industry capable of meeting the Nation's energy needs—and other nations'

energy needs—in an environmentally responsible manner, on a reasonable

timeframe, informed by a searching review process before the relevant

federal agencies.  For the foregoing reasons, API has a substantial interest in

participating in this proceeding that cannot be adequately represented by any

---

3/     *See, e.g.*, FERC Docket Nos. CP09-6 (Oregon LNG), CP12-507
(Corpus Christi LNG), CP13-25 (Cameron LNG, LLC) (FERC orders also
on appeal before this court); CP13-113 (Dominion Cove Point LNG), CP13-
483 (Jordan Cove Energy Project), CP13-552 and CP13-553 (Sabine Pass
Liquefaction), CP14-71 and CP14-72 (Excelerate Liquefaction), CP14-120
(Trunkline LNG), CP14-347 (Magnolia LNG), CP14-517 and CP14-518
(Golden Pass LNG), and PF13-11 (CE FLNG).
4/     *Freeport LNG Development, L.P.,* 149 FERC ¶ 61,119, at PP 8-9, 30-
31 2014 WL 5911681 (Nov. 13, 2014) (Order Denying Rehearing).

party.  And in light of the parties' unforeseen motion to hold *Sabine Pass* in abeyance, API has good cause for seeking leave to intervene out of time here.

API's Motion for Leave to Intervene out of time should be granted.

Respectfully submitted,

 /s/ Catherine E. Stetson

STACY LINDEN                          CATHERINE E. STETSON
BEN NORRIS                            JANNA R. CHESNO
AMERICAN PETROLEUM INSTITUTE          HOGAN LOVELLS US LLP
1220 L Street, N.W.                   555 Thirteenth Street, NW
Washington, D.C.  20005               Washington, D.C.  20004
(202) 682-8000                        (202) 637-5600
LindenS@api.org                       Cate.Stetson@hoganlovells.com
NorrisB@api.org                       Janna.Chesno@hoganlovells.com

January 30, 2014                      *Counsel for American Petroleum Institute*

## CORPORATE DISCLSOURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 26.1 of the Rules of this Court, undersigned counsel for intervenor provides the following corporate disclosure statement:

The American Petroleum Institute is a not-for-profit trade association based in Washington, D.C. that is charged with promoting the interests of its over 600 members in the United States.  API is not a publicly-held corporation and does not have any parent companies that have ten percent (10%) or greater ownership interest in API.

Respectfully submitted,

/s/ Catherine E. Stetson

STACY LINDEN
BEN NORRIS
AMERICAN PETROLEUM INSTITUTE
1220 L Street, N.W.
Washington, D.C.  20005
(202) 682-8000
LindenS@api.org
NorrisB@api.org

CATHERINE E. STETSON
JANNA R. CHESNO
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, D.C.  20004
(202) 637-5600
Cate.Stetson@hoganlovells.com
Janna.Chesno@hoganlovells.com

January 30, 2014

*Counsel for American Petroleum Institute*

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| Sierra Club and Galveston Baykeeper, | ) | |
| | ) | |
| Petitioners, | ) | Case. No. 14-1275 |
| | ) | |
| v. | ) | |
| | ) | |
| Federal Energy Regulatory Commission, | ) | |
| | ) | |
| Respondent. | ) | |

## PROPOSED INTERVENORS CERTIFICATE AS TO PARTIES

The American Petroleum Institute (API) hereby certifies that the Petitioner is the Sierra Club and that the Respondent is the Federal Energy Regulatory Commission. Freeport LNG Development LP and related affiliates have filed separate motions to intervene in this matter, which motions API does not oppose. API seeks leave to appear in this matter as an intervenor.


Respectfully submitted,

 /s/ Catherine E. Stetson

STACY LINDEN                    CATHERINE E. STETSON
BEN NORRIS                      JANNA R. CHESNO
AMERICAN PETROLEUM INSTITUTE    HOGAN LOVELLS US LLP
1220 L Street, N.W.             555 Thirteenth Street, NW
Washington, D.C.  20005         Washington, D.C.  20004
(202) 682-8000                  (202) 637-5600
                                Cate.Stetson@hoganlovells.com

January 30, 2014                *Counsel for American Petroleum Institute*

## CERTIFICATE OF SERVICE

Pursuant to Rule 25(d) of the Federal Rules of Appellate Procedure, D.

C. Cir. R. 25(c), and the Administrative Order Regarding Electronic Case

Filing, I hereby certify that I have on this 30th day of January 2015 served the

foregoing document on parties via email through the Court's CM/ECF system,

unless otherwise indicated:

Nathan Matthews                          Robert H. Solomon
Sierra Club                              Karin L. Larson
85 Second Street                         Federal Energy Regulatory Commission
Second Floor                             888 First Street NE
San Francisco, CA 94105-3441             Washington, DC 20426
nathan.matthews@sierraclub.org           robert.solomon@ferc.gov
                                         karin.larson@ferc.gov
Deborah A. Silvas
Stanford Law School                      Jonathan S. Franklin
559 Nathan Abbott Way                    Charles R. Scott
Stanford, CA  94305                      Lisa M. Tonery
dsivas@stanford.edu                      Fulbright & Jaworski LLP
                                         801 Pennsylvania Avenue, N.W.
                                         Suite 500
                                         Washington, D.C.  20004
                                         Jonathan.franklin@nortonrosefulbright.com
                                         Charles.scott@nortonrosefulbright.com


                          /s/ Janna R. Chesno
                          JANNA R. CHESNO

\\DC - 068865/000010 - 6397458 v4